IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F. PENITANI PUAMAU,<br><br>    Petitioner,<br><br>  v.<br><br>DAVID N. STILL, et al.<br><br>    Respondents.<br>_____ / | No. C 05-03713 SI<br><br>**ORDER DISMISSING PETITION FOR HABEAS CORPUS** |

On October 7, 2005, the Court heard oral argument on this petition for release from detention. For the reasons set forth below, the Court hereby DISMISSES the petition for writ of habeas corpus for lack of jurisdiction to the extent the petition challenges the final order of deportation, and DISMISSES the petition for writ of habeas corpus as moot to the extent it challenges petitioner's detention because petitioner is no longer detained.

**BACKGROUND**

Petitioner Fisifetapa Penitani Puamau is a married woman who is a native and citizen of Tonga. On June 21, 1996, an Immigration Judge ("IJ") found petitioner excludable pursuant to section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act and ordered petitioner deported from the United States. Deiss Decl. Ex. C. Petitioner appealed, and on May 16, 1997, the Board of Immigration Appeals ("BIA") issued a decision denying petitioner's application for termination of proceedings and remand, and dismissed the appeal.

*Id.* at Ex. B. The same day the Immigration and Nationalization Service ("INS")[1] issued a I-296 Form Notice to Alien Ordered Removed/Departure Verification ("Notice to Alien") informing petitioner that she had been ordered deported. *Id.* Petitioner did not seek review of the BIA's decision.

On November 3, 1997, the INS directed petitioner to appear for deportation to Tonga on December 8, 1997. *Id.* at Ex. A. Petitioner failed to appear for her deportation. *Id.* On September 7, 2005, Department of Homeland Security officials detained petitioner.

On September 14, 2005, petitioner filed the instant habeas petition alleging that her due process rights have been violated. Specifically, petitioner contends that the May 16, 1997 Notice to Alien was "inaccurate, open-ended, and woefully incomplete" and that the IJ's June 21, 1996 exclusion and deportation order is invalid because it "has expired, and is null and void due to the passage of time." *Id.* Petitioner also claimed that her September 7, 2005 detention was illegal, and that her impending deportation "without judicial review of the wrongfully implemented and expired deportation order" deprives her of due process of law. *Id.* at 3.

The parties filed a joint status report on October 27, 2005 informing the Court that petitioner was released from detention on October 26, 2005 pursuant to the Intensive Supervision Appearance Program.

**LEGAL STANDARD**

As a general rule, 28 U.S.C. § 2241 confers jurisdiction upon the district court to entertain petitions for a writ of habeas corpus brought by any individual claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(e)(3). Absent a specific statutory provision limiting the scope of its habeas jurisdiction, a district court has the authority to entertain constitutional questions raised by aliens detained by federal immigration officials. *See INS v. St. Cyr*, 533 U.S. 289, 314 (2001); *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995). However, as a prudential matter, the Ninth Circuit generally requires aliens who are detained to exhaust available administrative remedies before seeking habeas corpus relief. *See Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001).

---

[1] On March 1, 2003, the INS was transferred from the United States Department of Justice into the United States Department of Homeland Security. The INS was abolished and its functions were divided into three different bureaus: the Bureau of Customs and Border Protection; the Bureau of Immigration and Customs Enforcement; and the Bureau of Citizenship and Immigration Services.

## DISCUSSION

**1.    Petitioner's Challenge to the Final Order of Deportation**

Petitioner has filed a petition for writ of habeas corpus, a petition for release/bond hearing determination, and an application for temporary restraining order. Petitioner seeks an order (1) staying her deportation pending a determination on the merits of her petition for writ of habeas corpus, and (2) releasing petitioner on her own recognizance or alternatively setting a bond determination hearing. Petitioner also seeks review of the underlying exclusion and deportation orders.

This Court lacks jurisdiction to review petitioner's challenges to the IJ's 1996 decision, the Notice to Alien, or the BIA's 1997 decision ordering petitioner excluded and deported. To the extent petitioner challenges the IJ's 1996 decision, petitioner's appeal of that decision to the BIA rendered the IJ decision not final and not subject to judicial review. *See* 8 U.S.C. § 1105a (1996), as amended by IIRIRA § 309(c); *see also Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997). Petitioner's argument that the 1996 IJ decision is "final" because the BIA's 1997 decision "dismissed" the appeal lacks merit. *See id.*

To the extent petitioner challenges the Notice to Alien or the BIA's 1997 decision ordering petitioner excluded and deported, the Court lacks jurisdiction to review these claims after the REAL ID Act of 2005. *See* 8.U.S.C. § 1252; *see also Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005). "[T]he Act makes circuit courts the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal." *Alvarez-Barajas*, 418 F.3d at 1052 (citing REAL ID Act § 106(a)). The Act eliminated habeas jurisdiction over final orders of deportation, exclusion or removal. *Id.* The jurisdictional provisions of the REAL ID Act were effective May 11, 2005, and apply to any "final administrative order of removal, deportation, exclusion" that was "issued before, on, or after the date of enactment." REAL ID Act § 106(b).

Petitioner argues that this Court must have habeas jurisdiction over her challenge to the final orders of exclusion and deportation because the orders were issued so long ago, and the REAL ID Act states that petitions for review of final orders must be filed within 30 days after the date of the final order of removal. *See* 8 U.S.C. § 1252(b)(1). Petitioner argues that if this Court does not have jurisdiction to review the final order

3

of exclusion and deportation, she will be without any judicial recourse. However, the question whether there is any judicial review over the 1997 final order of exclusion and deportation is a question for the Court of Appeals, as the REAL ID Act makes clear that the court of appeals is the "sole and exclusive means for judicial review of an order of removal," and that the terms "'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision . . . ." 8 U.S.C. § 1252(a)(5).[2] Because the Court lacks jurisdiction to review the merits of petitioner's challenges to the exclusion and deportation order, the Court also lacks jurisdiction to review petitioner's request for a stay of deportation.

## 2.  Petitioner's Challenge to Detention

The parties' joint status report, filed October 27, 2005, states that petitioner was released from detention on October 26, 2005. Accordingly, petitioner's challenge to her detention and request for release on bond is moot.

### CONCLUSION

For the foregoing reasons and for good cause shown, to the extent petitioner challenges a final order of exclusion or deportation, the Court hereby DISMISSES the petition for writ of habeas corpus for lack of jurisdiction. To the extent petitioner challenges her detention, the Court DISMISSES the petition as moot because petitioner is no longer detained. All pending motions are denied as moot.
[Docket Nos. 1, 7, 10, 19].

**IT IS SO ORDERED.**

Dated: November 7, 2005

SUSAN ILLSTON
United States District Judge

---

[2] On October 7, 2005, petitioner filed a petition for review, along with an accompanying motion for stay, in the Ninth Circuit Court of Appeals. That petition is docketed as 05-75796.

4